NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MACK JONES, | : | |
| | : | |
| Petitioner, | : | Civil No. 12-4673 (JEI) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | **OPINION** |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Mack Jones, *Pro Se*
41157-050
USP Canaan
P.O. Box 300
Waymart, PA 18472

Diana V. Carrig, Esq.
Office of the US Attorney, District of New Jersey
401 Market Street, 4th Floor
Camden, NJ 08101
Attorney for Respondent

**IRENAS, Senior District Judge:**

   *Pro se* movant Mack Jones seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, his § 2255 motion will be denied without an evidentiary hearing.

<u>**BACKGROUND**</u>

   These facts are taken from the companion case, *United States v. Judge*, 447 F. App'x 409, 411-12 (3d Cir. 2011)(internal footnotes

omitted):

> Raymond Morales, who served as one of the government's key cooperating witnesses in this case, was the leader of a large-scale drug-trafficking organization based in Camden, New Jersey. Between 1993 and 2004, Morales's organization sold hundreds of kilograms of cocaine and cocaine base. Morales distributed both through "drug sets," areas known for drug sales he operated in Camden, and through sub-organizations headed by individuals with whom Morales was friendly. . . . Mack Jones headed a [] subgroup that sourced from Morales. Jones purchased cocaine from Morales from 1994 through 2003, including during periods when Morales was in jail. Troy Clark ran a third group that sourced through Morales, the "MOB Boys."
>
> A grand jury returned a four-count superceding indictment against Ahmed Judge, Jevon Lewis, and Mack Jones. Count One charged defendants with conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base, under 21 U.S.C. § 846 (conspiracy) and § 841(b)(1)(A) (drug trafficking) . . . After a two-month trial, the jury found the defendants guilty on all counts. . . . [The court] sentenced Jones to a term of life imprisonment.

In 2008, Jones was convicted of drug-trafficking conspiracy after a jury trial. On June 26, 2009, he was sentenced to life imprisonment due to his lengthy list of prior offenses and the operation of drug laws, specifically, 21 U.S.C. §§ 841(b)(1)(A) and 851. The Court of Appeals for the Third Circuit affirmed the conviction and sentence on October 11, 2011. *See United States v. Jones*, 477 F. App'x 319 (3d Cir. 2011) (Answer, Ex. 2). Jones now asserts in this § 2255 motion that his trial counsel was ineffective.

2

**DISCUSSION**

**1.     STANDARD FOR SECTION 2255 MOTIONS**

Section 2255 provides relief to a federal prisoner on the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. *See* 28 U.S.C. § 2255(a). A § 2255 motion is liberally construed when a prisoner proceeds *pro se*. *See United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007). The Court may dismiss the motion without holding an evidentiary hearing if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. *See* 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11-4646, --- F. Supp.2d ----, 2013 WL 4538293, at *9 (D.N.J. Aug. 26, 2013)(Simandle, J.) (citing *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005)).

**2.     MOVANT'S CLAIMS**

Jones raises five claims of ineffective assistance of counsel in his § 2255 motion: (1) counsel acceded to a jury instruction that led the jury to convict him on a theory of guilt different from that charged in the indictment; (2) counsel failed to properly investigate

various people who Petitioner claims would have testified for him and helped him at trial, thus, he accuses counsel of failing to interview two witnesses and failing to call three witnesses at trial; (3) counsel failed to call Jones to the stand in his own defense; (4) counsel failed to object to the life sentence; and (5) counsel failed to file a petition for rehearing of the appeal on the correct basis. (ECF No. 1).

**3.  ANALYSIS**

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set out the familiar test for demonstrating ineffective assistance. First, the defendant must show that considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. *See Id.* at 688-91. Second, a defendant must affirmatively show prejudice, which is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, --- U.S. ----, ----, 131 S.Ct. 770, 792, 178 L.Ed.2d 624 (2011).

A.  **Jury Instruction**

Jones argues that he was convicted of a conspiracy that was different from the one charged in the indictment, which constituted a fatal variance. Jones raised this argument on direct appeal. The Court of Appeals found that "the evidence was sufficient to prove Jones's involvement in a single drug-trafficking conspiracy headed by Raymond Morales," and noted that "[i]f there is sufficient evidence of a single conspiracy, there is no variance . . . ." (Answer, Ex. 2, Third Circuit, Court of Appeals decision, at p. 3). In this motion, Jones now couches the same argument in terms of ineffective assistance of counsel, arguing that counsel was ineffective for "acceding" to the charge. (Movant's Brief, at p. 29).

First, this Court notes that a claim decided on direct review ordinarily cannot be relitigated in a Section 2255 proceeding. *See Withrow v. Wiliams*, 507 U.S. 680, 720-21 (1993)(Scalia, J., concurring)(collecting cases); *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993).

Additionally, however, the claim lacks merit, as the jury was charged with finding Jones guilty of the conspiracy actually charged, and not simply guilty of being a member of some conspiracy. (Answer, Ex. 3, at p. 41 (Instruction on Single or Multiple Conspiracies)). This Court charged the jury:

> In order to find a particular defendant guilty of the conspiracy charged in the indictment, you must find that the Government proved beyond a reasonable doubt that the defendant was a member of that conspiracy.

(Answer, Ex. 3, Jury Instruction § 42). The sentence makes clear that the jury had to find Jones guilty of the conspiracy actually charged ("that conspiracy"). The instructions by this Court were virtually identical to the Third Circuit Model Instructions, and it is presumed that the jury adhered to the instructions. It follows that the jury found Jones guilty because it found that the evidence proved beyond a reasonable doubt that Jones joined the conspiracy charged in the indictment. There was no error. Therefore Jones's counsel was not ineffective for failing to object to the charge.

Petitioner has not satisfied *Strickland* on this claim in order to warrant § 2255 relief based on ineffective assistance of counsel. This claim will be denied.

    B.    **<u>Failure to Investigate and Call Witnesses</u>**

Jones argues that three witnesses, Hector Rivera, Francisco Morales, and Rashad Smith, would have testified on his behalf to impeach the testimony of Raymond Morales and the three MOB Boys at trial. Of these three witnesses, Jones only had one witness, Rashad Smith, provide an affidavit. *See Lewis v. Horn*, 581 F.3d 92, 107 (3d Cir. 2009) (in federal habeas case, court faulted petitioner for not presenting any affidavits describing what his alleged alibi

6

witnesses would have testified about); *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991)("evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit.") (citations omitted). The other two witnesses proposed by Jones provided letters to Jones; however, the Government "has grave concerns about the authenticity of one of the letters, the one supposedly by and from Francisco Morales," and notes that the other letter from Hector Rivera "was drafted and typed by the same person who prepared the Francisco Morales letter." The Government contends this is an "earmark[] of a fabricated defense." (Answer, pp. 14-15 at n. 11).

In addition to there being no proper affidavits submitted about the testimony of the proposed witnesses, as stated, in order to prove ineffective assistance of counsel, Jones must satisfy both prongs of *Strickland*: deficient performance and prejudice. Here, a review of the record provided demonstrates that these three proposed witnesses' testimony would have been impeachable. Thus, counsel's decision not to present these witnesses can be attributed to trial strategy.

First, Jones argues that Hector Rivera would have testified that he was a cellmate of government witness Morales, and that when Morales became a government witness, he would name people who owed him money and with whom he had "beefs." (Motion, p. 41). As to Francisco

7

Morales, Jones argues that Francisco Morales would have testified that he and his cousin, corroborating witness Raymond Morales, worked closely together, and that he would have known if Jones was involved in the drug business with his cousin. (Motion, p. 40). Finally, as to Rashad Smith, Jones states that the government had MOB boy Troy Clark testify that he learned how to manufacture crack from powder cocaine from Jones; however, Rashid Smith would have testified that he and Clark gained this knowledge elsewhere (Motion, p. 43).

Nevertheless, as the Government argues, Hector Rivera was serving a 130-month federal sentence for drug offenses at the time of Jones's trial. Also, as noted, there were concerns that Rivera's possible testimony may have been fabricated. Also, Francisco Morales's testimony would have been impeached due to an earlier plea to conspiracy with Raymond Morales in the 90's, and a 2007 guilty plea where he provided a factual basis for the same conspiracy that he and Jones were charged with in the instant case. As to Smith, his testimony could have been impeached because he had incentive to hurt the MOB boys, and because he had an extensive criminal record. Jones's argument that these witnesses could have changed the outcome of trial is meritless and conclusory, given the overwhelming evidence presented by the Government at trial.

Numerous witnesses testified against Jones at trial, including Raymond Morales, the MOB Boys, Dennis Rodriguez and Victor Rodriguez.

The jury would need to disbelieve the testimony of all of these prosecution witnesses to credit the testimony of the three proposed witnesses that Jones names in this § 2255 motion.

Additionally, as the Government points out, the corroborating witnesses (Morales and the three "MOB Boys") themselves, were impeachable on their own accord. Defense counsel used a variety of impeachment material in the cross-examination.  Any testimony by these three proposed witnesses would have been superfluous and cumulative. *See, e.g.*, *United States v. Smith*, 104 F. App'x 266, 271 (3d Cir. 2004)(finding defense counsel was not ineffective "in failing to call another witness to testify about the same thing."); *United States v. Salem*, 643 F.3d 221, 227 (7th Cir. 2011) ("The district court's conclusion that adding more icing to the impeachment cake would not improve the likelihood that the jury would swallow it was reasonable."); *United States v. Ervin*, 540 F.3d 623, 631-32 (7th Cir. 2008) (information not material as it was cumulative given the extensive and more serious impeachment on other points and the witness was not the sole witness.).

Jones has not shown that testimony by these three witnesses would have changed the outcome of his trial. Therefore, he has not demonstrated prejudice. *See Strickland*, *supra.* He is not entitled to § 2255 relief on this claim.

9

C.     **Failure to Call Jones to Testify**

Jones claims that had he been called to testify, "[t]he jury would have been hardpressed to not entertain a reasonable doubt about Jones's guilt once presented with the context necessary to properly evaluate the testimony of the 2 cooperators who were facing life sentences unless they did just what they were doing on the stand: testifying autonomously and without any ability to be corroborated as to anything that would paint Mack Jones as a drug dealer, even if not the one that was charged in the indictment." (Movant's Brief, at p. 49).

Jones notes that there was a lack of discovery about his involvement in the crime, and that counsel had "general reservations" about putting him on the stand, given his criminal record would open him to scrutiny in front of the jury. (Movant's Brief, at p. 8). Counsel discussed that taking the stand would be too risky, since information would come out at trial rather than in discovery. (*Id.*).

When a petitioner collaterally attacks his sentence "'[a] barebones assertion by a defendant, albeit made under oath ... is insufficient to require a hearing or other action on his claim that his right to testify in his own defense was denied him ... Some greater particularity is necessary, ... such as an affidavit from the lawyer who allegedly forbade his client to testify.'" *Lloyd v. United States*, No. 03-0813, 2005 WL 2009890 at *13 (D.N.J. Aug. 16, 2005)

10

(quoting *Underwood v. Clark*, 939 F.2d 473, 475-76 (7th Cir. 1991) (Posner, J.)); *accord United States v. Aikens*, 358 F. Supp.2d 433, 436 (E.D. Pa. 2005) (quoting *Underwood*, *supra*); *United States v. Smith*, 235 F. Supp.2d 418, 425 (E.D. Pa. 2002) (quoting *Underwood*, *supra*).

Jones asserts that he told his attorney on more than one occasion that he wanted to testify (Movant's Brief, at p. 8). Jones provides no documentation nor does the Court find any evidence in the record that Petitioner was actually prevented from testifying at his trial. There is no evidence to suggest that counsel did anything more than advise Jones not to testify. Such advice was a reasonable strategic decision. *See Frederick v. Kyler*, 100 F. App'x 872, 874 (3d Cir. 2004)("If [Petitioner's] attorney merely advised him not to testify, that tactical decision certainly would not have fallen below *Strickland*'s standard of objective reasonableness."); *Smith*, 235 F. Supp.2d at 426 ("[Petitioner] has failed to overcome the presumption that counsel's advice that [Petitioner] not take the stand was 'sound trial strategy.'") (quoting *Strickland*, *supra*). This alone is sufficient to deny relief.

However, even accepting, *arguendo*, Petitioner was prevented from testifying, Petitioner has not demonstrated that he was prejudiced by trial counsel's error. *See Matylinsky v. Bridge*, 577 F.3d 1083, 1098 (9th Cir. 2009) (counsel, in making a "sound tactical

11

decision" in "not allowing Matylinsky to testify", to the extent it infringed on Matylinsky's right to testify, did not constitute "prejudice."); *see alson Aikens*, 358 F. Supp.2d at 436–37 ("Petitioner's assertion that his testimony would have contradicted the testimony of the cooperating witnesses is insufficient to satisfy *Strickland*'s prejudice element."). Thus, Petitioner has not demonstrated that his counsel's performance was deficient under *Strickland* as to this claim, and relief must be denied.

    D.    **Failure to Object to Sentence**

Jones argues that counsel should have objected to his enhanced sentence, based on the fact that he was convicted under a certain New Jersey statute that did not qualify to trigger his mandatory life sentence under 21 U.S.C. §§ 841(b)(1)(A) and 851. However, Jones shows no proof that he was convicted under such a statute.

This Court based the sentence on certified copies of judgments of conviction provided by the Government in the Enhanced Penalty Information ("EPI") filed against Jones (*see* Answer, Ex. 4), and sees no reason to vacate the sentence. The sentence was also reviewed by the Court of Appeals, who affirmed (*see* Answer, Ex. 2). Jones has not shown that counsel was ineffective in any aspect of his sentencing proceedings. As such, Jones is not entitled to relief on this claim.

    E.    **Failure to File Proper Petition on Appeal**

Jones argues that his attorney filed a petition for rehearing

in the Court of Appeals on the wrong basis; that counsel should have filed a rehearing petition on the basis that the Court of Appeals relied on factual fallacies that could not have supported the verdict. Jones concludes that had the petition been filed "correctly," "the panel . . . would have realized that there was, in fact an evidentiary void on the connectedness element necessary to establish a united scheme with Morales at the center." (Movant's brief at p. 54). The Government argues that such a petition would not have been successful.

In *United States v. Coney*, the Third Circuit stated that appellate counsel, "having appropriately briefed ... an appeal, is not under an obligation to file a petition for rehearing or rehearing en banc ... The determination whether to file rests with sound professional judgment of the attorney in light of all the circumstances ..." 120 F.3d 26, 27 (3d Cir. 1997). Likewise, Local Appellate Rule 35(b) provides that counsel should only file a petition if he or she believes that the panel decision is contrary to decisions of the United States Court of Appeals for the Third Circuit or the Supreme Court of the United States, and that "consideration by the full court is necessary to secure and maintain uniformity of the court's decisions"; or "the proceeding involves one or more questions of exceptional importance." Fed. R. App. P. 35(b).

13

Here, the denial of Petitioner's appeal by the Court of Appeals was not contrary to any decision by the Third Circuit or the Supreme Court of the United States, nor did it raise any questions of exceptional legal importance. Nonetheless, counsel did file a petition for rehearing, and therefore, Petitioner incurred no prejudice. A decision by Petitioner's counsel as to the claims presented in the petition for rehearing is within counsel's sound professional judgment, especially when the standard for filing is so high. As pointed out by the Government in the Answer, Jones's claims were already made to the Third Circuit on appeal, and were considered and rejected by this Court, the jury, and the Third Circuit. Counsel's decision not to reargue the points in the petition for rehearing is consistent with the rules: the arguments presented by Jones were not of "exceptional importance."

Sufficient evidence was presented by the Government at trial of Jones's activities, and this Court finds no reason to upset the jury's conviction or this Court's sentence. Jones has demonstrated neither ineffective assistance of counsel, nor that he is entitled to § 2255 relief.

## CONCLUSION

The Court is satisfied that Jones has failed to show that counsel's performance fell below an objective standard of reasonableness. His § 2255 motion is denied. It follows that movant's

request for an evidentiary hearing is denied, as the record conclusively shows that he is not entitled to relief under § 2255. *United States v. Kenley*, 440 F. App'x 78, 80 (3d Cir. 2011) (nonprecedential); *see also United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008). Because Jones fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue.

    An appropriate order follows.


May 20, 2014                     s/ Joseph E. Irenas  
                                JOSEPH E. IRENAS  
                                Senior United States District Judge