**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MACK JONES,

                 Petitioner,

                 v.

UNITED STATES OF AMERICA,

                 Respondent.

Civil Action No. 12-4673 (JEI)

**OPINION**

**IRENAS**, Senior District Judge:

Presently before the Court is petitioner Mack Jones' ("Petitioner") motion pursuant to Fed. R. Civ. P. 59(e), to reconsider, alter, or amend the Court's judgment, and application for a certificate of appealability, both filed on June 23, 2014. (ECF No. 15, 16). The Government ("Respondent") filed its memorandum in opposition to this motion on November 21, 2014. (ECF No. 21). Petitioner filed his reply on December 15, 2014. (ECF No. 22).

## I. BACKGROUND

In 2008, Petitioner was convicted of drug-trafficking conspiracy after a jury trial. (*See* Opinion on Petitioner's Habeas petition, ECF No. 13, at 2). On June 26, 2009, he was sentenced to life imprisonment due to his lengthy list of prior offenses under 21 U.S.C. §§841(b)(1)(A) and 851, including a 1991 conviction for third degree possession of cocaine in New Jersey. (*Id.*; Enhanced Penalty Information attached to Respondent's Answer, ECF No. 8, at 86). In his initial motion under 28 U.S.C. § 2255, Petitioner raised several arguments, including an argument that his counsel was ineffective at sentencing as counsel did not object to Petitioner's life sentence.

(Opinion on Petitioner's Habeas petition, ECF No. 13, at 12).   Specifically, Petitioner argued that effective counsel would have objected to the life sentence under 21 U.S.C. §§841(b)(1)(A) and 851, because Petitioner was convicted under a New Jersey statute which did not qualify as a felony drug offense under 21 U.S.C. §841(b)(1)(A) sufficient to require the imposition of a life sentence. (*Id.*)   This Court rejected that argument, finding that Petitioner had shown no proof that he was convicted under such a statute.   (*Id.*).

Petitioner now moves for reconsideration of that decision.   Petitioner argues that, under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*), his conviction for a third degree crime under New Jersey law in 1991 does not qualify as a felony drug offense because New Jersey provides a presumption of non-incarceration for first time offenders convicted of third degree offenses.   (*See* 59(e) motion, ECF No. 15).

## II.  DISCUSSION

### A.  Legal Standard

The scope of a motion for reconsideration under Rule 59(e) is extremely limited.  *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).   Such motions may not be used as an opportunity to relitigate a case, but rather may be used "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*   "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided a motion for summary judgment], or (3) the need to correct a clear error of law or

fact or to prevent manifest injustice.'" *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d 237, 251 (3d Cir. 2010)).

## B.  Analysis

### 1.  *Simmons* and Petitioner's 1991 Conviction

Petitioner argues that the Court acted improperly in finding no evidence to support his contention that his third degree New Jersey cocaine possession conviction was not a qualifying felony conviction under 21 U.S.C. § 841(b)(1)(A).  The statute, in relevant part mandates that if "any person commits a violation of [the statute] . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release."  21 U.S.C. § 841(b)(1)(A).  A prior state conviction qualifies as a felony drug offense for the purposes of the statute if it "is punishable by imprisonment for more than one year under any law . . . of a State."  21 U.S.C. § 802(44).  Petitioner argues that this Court should apply the Fourth Circuit's holding in *Simmons* to his New Jersey conviction, and find that it was not a felony drug offense.

In *Simmons*, the Fourth Circuit, following the Court's reasoning in *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 570-78 (2010) (holding that an immigration detainee had not been convicted of an "aggravated felony" under circumstances where he *could* have been convicted of a felony, but was instead prosecuted and convicted of a lesser offense), found that a drug conviction under North Carolina law was not a felony because of the unique structure of North Carolina's criminal sentencing scheme.  649 F.3d at 245-47.  The Fourth Circuit based its holding on the unique nature of North Carolina's sentencing statutes, which effectively create two sentencing categories

3

for convicted defendants based upon the defendant's criminal history. *Id.* Under North Carolina law, a conviction for possession with intent to distribute no more than 10 pounds of marijuana is punishable by more than one year in prison only if: "(1) North Carolina provides him with 30-days notice of its intent to prove the necessary aggravating factors, . . . (2) he admits (or a jury finds) the existence of those factors, . . . and (3) the sentencing judge issues written findings justifying such a sentence." *Id.* at 245. If this procedure is not followed, the maximum penalty under North Carolina is up to one year, but not more than one year, in prison. *Id.* at 247. As such, the Fourth Circuit found that a conviction for possession under North Carolina's unique scheme does not qualify as a felony when the defendant's conviction was not accompanied by an aggravated sentence determination through the procedures outlined above, and was therefore punishable by only one year in jail. *Id.* at 245-47.

Petitioner argues that the holding of *Simmons* should apply to convictions for third degree crimes under New Jersey law for first time offenders, which would render his first such conviction in New Jersey a non-felony drug offense. Under New Jersey law, a third degree conviction is punishable by a term of imprisonment exceeding one year. *See* N.J. Stat. Ann. § 2C:44-1(e); *Sosa v. United States*, Civil Action No. 12-1725, 2015 WL 631950, at *6 (D.N.J. Feb. 12, 2015); *see also Gargano v. United States*, Civil Action Nos. 12-6503, 02-516, 2014 WL 1725736, at *5 (S.D.N.Y. April 30, 2014). Indeed, the New Jersey statute "expressly authorize[s a] sentencing judge to impose a five year term of imprisonment for [a defendant's] first conviction of a third-degree crime." *Sosa*, 2015 WL 631950 at *6.

Although petitioner is correct that for first time offenders, there is a presumption against incarceration for a third degree conviction in New Jersey, that presumption does not apply if,

4

"having due regard to the nature and circumstances of the offense and the history, character and condition of the defendant, it is [the sentencing judge's opinion] that [defendant's] imprisonment is necessary for the protection of the public" under the criteria set by the statute. N.J. Stat. Ann. § 2C:44-1(e). Thus, a New Jersey sentencing court faced with a first time offender convicted of a third degree offense "remain[s] free at all times to sentence [the defendant] to a prison term of up to five years." *Sosa*, 2015 WL 631950 at \*6; *see also Garagno*, 2014 WL 1725736, at \*5. As such, a third degree offense under New Jersey law is punishable by more than a year of imprisonment, even for first time offenders, and therefore qualifies as a "felony drug offense." *Sosa*, 2015 WL 631950 at \*6; *Garagno*, 2014 WL 1725736, at \*5; 21 U.S.C. § 802(44).

The holding of *Simmons* therefore provides no support for Petitioner's contention that this Court erred in rejecting his argument that he had not been convicted of a felony drug offense for his 1991 drug conviction.[1] As Petitioner's 1991 conviction constitutes a felony drug offense, Petitioner's sentence was authorized under the statute, and this Court did not err in rejecting Petitioner's claim of ineffective assistance of counsel on the basis of counsel's failure to object to the inclusion of the 1991 conviction in the enhanced penalty phase of his sentencing. As Petitioner has failed to show that any manifest error of law or fact occurred, nor provides any new evidence, his motion for reconsideration pursuant to Rule 59(e) is without merit and must be denied. *Blystone*, 664 F.3d at 415.

Petitioner's claim that a manifest injustice occurred is likewise without merit. A manifest injustice in a Rule 59(e) context "generally . . . means that the Court overlooked some dispositive

---

[1] That Petitioner was resentenced to four years imprisonment for his third degree possession offense following his violation of probation lends further support to this conclusion. (Enhanced Penalty Information attached to Respondent's Answer, ECF No. 8, at 86).

factual or legal matter that was presented to it," or that an error occurred which is "direct, obvious, and observable." *See Brown v. Zickefoose*, Civil Action No. 11-3330, 2011 WL 5007829, at *2, n. 3 (D.N.J. 2011). Petitioner fails to show any such obvious or manifest error. As Petitioner's constitutional claims are without merit, that he baldly asserts "actual innocence" also provides no support for his claims. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993) (actual innocence is available "only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence"); *Kuhlmann v. Wilson*, 477 U.S. 436, 454-5 n. 17 (1986) (a colorable claim of actual innocence requires petitioner to show that there is a "fair probability that, in light of all the evidence . . . the trier of fact would have entertained a reasonable doubt of his guilt"). Petitioner's motion exposes no error, and certainly not an obvious or manifest error, and as such his motion under Rule 59(e) must be denied. *Blystone,* 664 F.3d at 415.

## 2. Certificate of Appealability

Petitioner has also requested that this Court grant him a certificate of appealability on the basis of his *Simmons* arguments. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from the final order in a proceeding under §2255 unless the petitioner has "made a substantial showing of the denial of a constitutional right. "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). As Petitioner has failed to make a substantial showing that he was denied a constitutional right, no certificate of appealability shall issue.

## III. CONCLUSION

For the reasons stated above, Petitioner's motion to reconsider, alter, or amend the Court's judgment is **DENIED**, and no certificate of appealability shall issue.   An appropriate order accompanies this Opinion.

Dated: March ___, 2015

_____
Hon. Joseph E. Irenas
Senior U.S.D.J.